**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bethany Aloha Rich, Appellant,

v.

New Heights Property Management, Respondent.

Appellate Case No. 2020-001684

---

Appeal From Berkeley County
Roger M. Young, Sr., Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-224
Submitted May 1, 2023 – Filed June 7, 2023

---

**AFFIRMED**

---

Jeffrey William Kuykendall, of Jeffrey W. Kuykendall, Attorney at Law, of Charleston, for Appellant.

Scott Parker Riddell, of Scott Riddell Law, LLC, of Fairview, North Carolina, for Respondent.

---

**PER CURIAM:** Bethany Aloha Rich (Tenant) appeals an order of the circuit court affirming the magistrate's order of eviction in an ejectment action filed by New Heights Property Management (Landlord). On appeal, Tenant argues the circuit court erred in (1) determining the lease addendum created a fixed-term tenancy when the addendum expressly incorporated the terms of the original lease,

and (2) concluding there was no meeting of the minds as to what paperwork Tenant had to provide to Landlord in order for Landlord to stop the eviction. We affirm.[1]

1. We hold the circuit court correctly determined Tenant was not entitled to additional written notice of termination upon the end of the term set forth in the lease addendum because both the original lease and addendum created a fixed-term tenancy, notwithstanding the provision in paragraph 14 of the original lease which allowed either party to "terminate" the lease at the end of the initial term with thirty days' notice. *See Parks v. Characters Night Club*, 345 S.C. 484, 490, 548 S.E.2d 605, 608 (Ct. App. 2001) (explaining that in reviewing an appeal of the circuit court's affirmance of a magistrate's order, this court "look[s] to whether the [c]ircuit [c]ourt order is controlled by an error of law or is unsupported by the facts"); S.C. Code Ann. § 27-35-110 (2007) ("When there is an express agreement, either oral or written, as to the term of the tenancy of a tenant for term or for years such tenancy shall end without notice upon the last day of the agreed term."); *Piedmont Interstate Fair Ass'n v. City of Spartanburg*, 274 S.C. 462, 465, 264 S.E.2d 926, 927 (1980) ("The word terminate, employed in connection with a lease, connotes a conclusion and severance of the relationship of landlord and tenant prior to the expiration of the term by the efflux of time.").

2. We hold the circuit court properly found there was no agreement between Tenant and Landlord, based on the apparent authority of Landlord's real estate agent, to dismiss the eviction action if Tenant provided certain paperwork. *See Parks*, 345 S.C. at 490, 548 S.E.2d at 608 (explaining that in reviewing an appeal of the circuit court's affirmance of a magistrate's order, this court "look[s] to whether the [c]ircuit [c]ourt order is controlled by an error of law or is unsupported by the facts"); *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 433, 540 S.E.2d 113, 118 (Ct. App. 2000) ("An agency may not be established solely by the declarations and conduct of an alleged agent."); *id.* at 432, 540 S.E.2d at 118 ("[T]he concept of apparent authority depends upon manifestations by the principal to a third party and the reasonable belief by the

---

[1] Landlord filed an initial brief, but did not file a final version. Although this court may take any action it deems proper, including reversal, when a respondent fails to timely file a brief, we believe the Record on Appeal contains sufficient grounds for the court to affirm. *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").

third party that the agent is authorized to bind the principal."); *id.* ("Apparent authority must be established based upon manifestations by the *principal*, not the agent." (emphasis added)).

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.